# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. JEFFREY MISSAL,<br>        Petitioner,<br><br>     v.<br><br>DEPARTMENT OF THE INTERIOR,<br>        Agency. | DOCKET NUMBER<br>CB-1208-17-0025-U-5<br><br><br>DATE: January 19, 2018 |

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Thomas Devine, Esquire, Washington, D.C., for the relator.

Daniel T. Raposa, Washington, D.C., for the agency.

### BEFORE

Mark A. Robbins, Vice Chairman

### ORDER ON STAY EXTENSION REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 45-day extension of the previously granted stay of Mr. Missal's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal. For the reasons discussed below, OSC's request is GRANTED, and the stay is extended through March 14, 2018.

## BACKGROUND

¶2    As properly described in the September 15, 2017 Order on Stay Extension Request, Mr. Missal was removed from his Environmental Protection Specialist position effective January 14, 2016, based on a charge of misconduct. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-2, Order on Stay Extension Request, ¶ 2 (Sept. 15, 2017). On July 28, 2017, OSC requested a 45-day initial stay of Mr. Missal's removal. *Id.* OSC argued that it had reasonable grounds to believe that the agency removed Mr. Missal in retaliation for whistleblowing and other protected activity in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C). *Id.* On August 2, 2017, OSC's initial stay request was granted. *Id.* On September 15, October 26, and December 8, 2017, separate 45-day extensions of the stay were granted such that the stay is in effect through January 28, 2018. *Id.*, ¶ 10; *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-4, Order on Stay Extension Request, ¶¶ 1-2, 7 (Dec. 8, 2017).

¶3    On January 11, 2018, OSC filed a timely request to extend the stay for an additional 45 days. *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-5, Stay Request File (U-5 SRF), Tab 1. The agency has not opposed the request.

## ANALYSIS

¶4    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will view the record in the light most favorable to OSC and will grant a

stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may extend the period of a stay for any period that it considers appropriate.[2] 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 141, ¶ 3 (2006).

¶5    In OSC's request for a fourth extension, OSC asserts that it has completed its investigation, it sent a prohibited personnel practice report to the Secretary of the Interior on October 12, 2017, the parties are engaging in settlement negotiations and working to schedule formal mediation, and the evidentiary record has not changed materially during the stay. U-5 SRF, Tab 1 at 2-3, 6. OSC further claims that it is holding in abeyance the period of time afforded to the agency to respond to the prohibited personnel practice report while settlement negotiations are ongoing. *Id.* at 3. OSC concludes that a stay is necessary to reduce Mr. Missal's hardship and it requests that he be held harmless during the resolution of his complaint. *Id.* at 4, 6. Viewing the record in the light most favorable to OSC, and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is appropriate. *See Waddell*, 104 M.S.P.R. 141, ¶ 6; *see also Special Counsel v. Department of the Treasury*, 72 M.S.P.R. 62, 64 (1996) (considering that the Board has held that ongoing settlement negotiations between the parties constitute a proper basis for an extension of a stay).

¶6    The length of the extension requires a separate determination. *Waddell*, 104 M.S.P.R. 141, ¶ 7. The Board has recognized its obligation to press OSC to present corrective action cases in a timely manner. *Id.* Here, OSC did not file its initial stay request until 18 months after the effective date of Mr. Missal's

---

[2] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum. *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017).

removal, and the stay has been in effect for more than 5 months. *See Special Counsel ex rel. Jacobs v. Department of Justice*, [81 M.S.P.R. 493](#), ¶ 7 (1999) (considering the amount of time the stay had been in effect in deciding to grant an extension of a stay); *see also Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, [76 M.S.P.R. 625](#), 628-30 (1997) (considering the passage of time from the effective date of the personnel action to the date of the initial stay request in deciding to grant an extension of a stay). Moreover, the agency has not opposed OSC's request for a 45-day extension of the stay. Further, pursuant to [5 U.S.C. § 1214](#)(b)(2)(C), the agency has "a reasonable period of time" to correct a prohibited personnel practice before OSC may petition the Board for corrective action. A 45-day extension would allow OSC time to settle the matter, request and receive the agency's response to the prohibited personnel practice report, and/or file a petition for corrective action with the Board. In light of the factors discussed above, a 45-day extension of the stay is appropriate; thus, OSC's request is granted. *See Jacobs*, [81 M.S.P.R. 493](#), ¶¶ 7-8 (granting a 45-day extension of the stay for OSC either to settle the matter or to file a corrective action petition with the Board); *Special Counsel v. Department of the Navy*, [46 M.S.P.R. 504](#), 505 (1990) (granting OSC's unopposed request for a 45-day extension of the stay based on continuing settlement negotiations).

**ORDER**

¶7    Pursuant to [5 U.S.C. § 1214](#)(b)(1)(B), a 45-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

    (1)    The stay issued on August 2, 2017, is extended through and including March 14, 2018, on the terms and conditions set forth in that Order;

    (2)    The agency shall not effect any changes to Mr. Missal's duties or responsibilities that are inconsistent with his salary or grade level, or

impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)    Any request for a further extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended by Pub. L. No. 115-42,[3] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before February 27, 2018; and

(5)    Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before March 6, 2018.

FOR THE BOARD:                               _____
                                             Jennifer Everling
                                             Acting Clerk of the Board

Washington, D.C.

---

[3] As passed by the House of Representatives on May 25, 2017, passed by the Senate on June 14, 2017, and signed into law on June 27, 2017.